23-1242 Eastern Missouri Matthew Meinen v. Bi-State Development Agency Mr. Ponder? May it please the Court. Good morning, Your Honors. My name is Doug Ponder. I represent the appellant, Matthew Meinen, in this case. I've sensed a theme today. This is also a 12b6 dismissal issue, a pleading issue. This is in the context of an employment discrimination and retaliation case brought by Mr. Meinen v. his former employer, Bi-State, which is commonly known as Metro here in St. Louis. The district court dismissed all of the counts that we asserted against Bi-State. There are four counts. I'm going to focus on count one, which is the retaliation count, because I'll acknowledge to the Court that's our primary count, and it's, I think, our strongest count, and the one that I particularly want to spend my time arguing. Of course, if there's questions on the other counts, I'll be happy to answer them, but I am going to intend to focus on count one. So I'm not going to bore the Court with a detailed fact listing, but I'm going to go through the facts that I think are particularly important to the retaliation count. What we've got here is what's called a TSS, which is basically Metro's Police or Security Force. That's his title, Transportation Security Specialist. They ride the trains and the buses and are essentially security slash police. They don't carry guns, so I don't know if they're considered police, but they are the security force for Metro. Mr. Minan started in 2013. He became a lead, so he was promoted. He was with Metro for eight years with a good record, continuously met his employment requirements, stayed employed for eight years until 2021. In 2021, we allege that he began to be harassed by another TSS, so a co-worker slash subordinate because Mr. Minan was a lead, the harasser was not a lead. So Mr. Minan filed a complaint with Metro informing them of the harassment. That complaint was ignored. No action was taken. Approximately four weeks after he filed the complaint, he issued a written disciplinary notice to the harasser directly through himself because he was a lead and she was underneath him. So he directly gave her a disciplinary notice about the harassment she was doing to him. Four weeks after that, he was terminated. There was no progressive discipline. There was no steps. It was, you're fired. We allege in the petition that the reasoning for firing him was false and pretextual. And we also allege that the decision maker was aware of the complaints that Mr. Minan had made. But the reasons are not alleged. It's a conclusion. Which reasons? The reasons why he was fired? The pretextual allegation. Well, you're correct on this. It's general, not specific. Yeah, and I don't think there's any requirement that the reasons why he has to be alleged are in there. That was a yes or no. Yes, that's correct. And I'll even sort of explain to you why we leave those out. The significance is briefed, but you just wanted to slide over. Well, because I think the key fact is that they were false. Not what they were in the pleading stage, but what they said was false. And obviously the reasons they say will come out in summary judgment, but we're not in summary judgment. We're in the pleading phase. So that's all I wanted to mention about that. And what I wanted to go into was the Wilson case, which I cited and discussed. Judge Loken, you wrote a dissent on that case, if you recall. Yeah. That case, I think, is directly on point. That case involves a retaliation claim under Title VII. And there, this court held that a six-week temporal proximity between the protected activity and the termination is enough at the pleading stage to state a case of retaliation. And that case makes very clear that these retaliations... I see a big distinction. Okay. Regardless of how I voted in Wilson, in Wilson there was enough pleaded to consider the alternative explanation. And then the majority and I disagreed about the adequacy, significance, and so forth. Correct. That's why I don't plead the reason. Here, what happened is... And I'm not being cynical, but it looks like in Blomker, there was too much pleaded and the plaintiff lost. So here, there was too much pleaded in addition to temporal proximity. So the pleading only is temporal proximity. No other facts are pleaded. And therefore, I get passed a motion to dismiss. Is that what you're suggesting? That there's no facts in my case? Yeah. Well, I would disagree, Judge, that there are numerous facts in my case. But what was present in Wilson for the panel to debate, this pleading does not allow us to debate that. You're referring to the alternative explanation period? Right. Yes, correct. And that's done by design. Because you didn't plead the reasons given, there's no basis for conducting what dominates the Wilson opinion. Doesn't that actually favor the plaintiff, not the defendant? What's that? The fact that there was no alternative explanation evident. Of course. And Judge, that's why... No, no. The question is, since everybody agrees that temporal proximity by itself is not enough, can you skate by Iqbal by just pleading temporal proximity and giving no other facts? Well, in Wilson... That, to me, is the question here. Yes, you can. That question, that was not presented in Wilson. Yes, it was. It was, Judge. Wilson discusses that directly and expressly. And it says that in the pleading stage, six-week temporal proximity is enough. It's directly discussed by the majority. And here we have four weeks. Because when you view the evidence favorable to the plaintiff, the last protected activity is the act of the written discipline to the harasser. And that's only four weeks before the termination. So we've got less temporal proximity. And if you read Wilson close, if you read the majority, that does stand for the proposition that at the pleading stage, six weeks in and of itself is enough. But, Judge, we've got more here than just the six weeks. We've got significant facts alleged that allow for an inference of causation. I appreciate that argument. And if I can, the facts that support this is, first off, you've got, and this is different than Wilson. Wilson, the plaintiff, worked at the employer for two years. Here we have an eight-year employee who had a good record, got promoted up to a lead, worked fine for eight years, starts, makes the complaint, they ignore the complaint, then writes up his harasser, and in four weeks, he's terminated. And another distinction between this case and Wilson, which favors our argument here, is that in Wilson, what you relied on, Judge Loken, is for the alternative explanation theory was the fact that there was progressive discipline. And that was in the pleadings. We don't know that here. Well, we don't know that here, but the point is. It was carefully not pleaded. Everything you pleaded is prior to the events in question. The conclusory assertion of pretextual false reasons is simply conclusory. All you've alleged is a legal conclusion, right? Specifically with the pretext. We don't even know what was pretextual. We just say that the termination was made for reasons that are pretextual, period. And so, do you have to plead anything at all about the reasons for termination? No. And so, basically what you're saying, my complaint stands on the facts that I alleged about the misconduct on the part of the unnamed co-worker, right? And that I filed a disciplinary letter, and four weeks after that, I was terminated. And the reasons were pretextual. And what you're saying is that all of this is evidence that my termination was retaliatory, and that's sufficient. That's correct. At the pleading stage, of course. At the pleading stage. At the summary judgment stage, there will be all sorts of evidence. They'll introduce the reasons why they allegedly terminated him. All that stuff will come out in the summary judgment phase. But in the pleading phase, and I just want to explain here that the plaintiffs are put in a real catch-22 when it comes to this alternative explanation theory. Because if we plead what they say they terminated us for, we are putting into the record for a judge to say, I buy that more than what you're saying, so I'm going to go with that. So, there is no requirement that we allege the reason we were told. And so, that's why I left it out. But I included that we allege that it's false and pretextual, because that information at the pleading stage, I think, is relevant. But it's not dispositive either way. We didn't have to allege that. We would still have a sufficient pleading of retaliation, even if we just said we were terminated four weeks after we issued the written disciplinary notice to my harasser. Well, the Wilson majority says this court considers whether there are lawful obvious alternative explanations for the alleged conduct that would render Wilson's complaint implausible. McDonnell versus Anoka County, quoting Iqbal. Yeah, sure, they're allowed to consider it, but I'm not required to plead it for the defense. Well, that's the question. If it's an Iqbal requirement that needs to be considered, and there are no facts that allow it to be considered, is the pleading sufficient? Judge, I don't think there's any case. Let them answer that. The pleadings are sufficient because I'm not required to plead an alternative explanation. Yeah, that's true. Your defendant can argue it if they want to. That's what a careful reading of Wilson leads you to conclude is a binding holding on our court. I just read something that's contrary to your careful reading. Judge, I don't think that says that I have to plead. You don't have to. I know. That's my point. The question is what happens if you don't? You look at whether the facts that I've alleged are sufficient to state a claim under retaliation, and they are. If an essential element of the claim or basis for the claim is a pretextual termination, how much has to be alleged? That's not an element of the claim, Judge. The element of a retaliation claim, the elements are, hold on one second. We're talking McDonnell Douglas pleading here. No, that's a summary judgment standard, Judge. McDonnell Douglas is a summary judgment standard. That's crystal clear. That's very nice. That's very easy categorization, but we don't function that way. Judge, the elements of a retaliation claim are? I know what they are. He engaged in protected conduct. You don't have to read them to me. Okay. Here's the real question, and this is what I think is at the heart of what this discussion is. There was no answer interposed in this particular case. As I understand it, is that true? There was no what? Answer. The defendant did not answer. I believe that's correct. They interposed a motion, right? Yeah. Now, they could have interposed an answer. If they interposed the answer, they could have pled that Mr. Minan was terminated for the following reasons, A, B, and C. Here is the disciplinary process that we did, and they could have alleged all that as an affirmative defense. Now that would be in front of us, and we certainly, on a 12B6 motion, which would be on the pleadings, we could look at it even at this pleading stage and say, well, you know, they've pled this. They've attached this exhibit. You know, there's been no response of affidavit. There's been no effort on your part to interpose why you believe that's pretextual. We could analyze all that here, right? But when that's not raised, either because you pled it in the first instance in the complaint or because the defense has raised it in their answer, then the question is, does Iqbal actually require you to plead what you know about their reasons for termination? And I think your answer is quite plain from everything you said. It's no. Yeah. That is not a pleading requirement. It is not an element of a retaliation clause. And so your argument is that there's an Iqbal problem on the evidence to consider pretext. It's on the defense for failing to interpose an answer or to set it forth in an appropriate affidavit or something attached to their motion, which they couldn't do if they were in 12B6. They'd be looking to try and convert it into a summary judgment motion, right? And I wouldn't even say it's anything that the defense did wrong. That's just a summary judgment issue where it's going to get addressed in summary judgment most typically. Yeah, if it's pled, we could be taking it up here. But not being pled, we're stuck with what you pled, and the question is, is your pleading defective? Right. And is it required that I plead what they said? And it's not an element of a retaliation. It is not helpful to the process to force every qualified immunity issue to go to summary judgment stage. Judge, I don't think we have qualified immunity in this case. Qualified immunity is not even an issue in this case, Judge. That's my time. Thank you. Thanks. Thank you. Mr. Franklin?  Your Honors, may it please the Court, Corey Lewis Franklin, Ford & Harrison for Bi-State Development Agency. Your Honors, this is essentially what I would characterize as a yada, yada, yada pleading. Plaintiff effectively asserts I'm a white male. I was terminated. I complained that a subordinate employee acted in an uncouth fashion toward me between the time that I complained and my termination. Yada, yada, yada, fill in the blanks. It was retaliatory, discriminatory. Well, there's quite a bit more than that. In our estimation, there may be some more, but perhaps not a lot more. And fundamentally, while I recognize Iqbal is the most recent iteration of kind of an enhanced notice pleading standard that the Supreme Court has articulated, I see this case as more analogous to Bell v. Twombly, which really kind of started this progression towards a more rigorous level of pleading in the federal courts. Counsel, why do we have to look back to that? Why can't we just look at Wilson? Isn't this case governed by our decision in Wilson? I believe if you look at the case in Wilson, I believe this case is distinguishable insofar as the focus on temporal proximity in and of itself, as I think the Court observed in the opening questioning, in and of itself is insufficient. And in Wilson, there were a host of intervening temporal acts. What support do you have for that proposition? That at this pleading stage, temporal proximity is insufficient to prove, to plead the causal element. Prior holdings of It's directly contrary to that, in fact. I'm sorry? Isn't Wilson directly contrary to that proposition? There were multiple, in Wilson, it involved multiple tangible employment actions that ran in, you know, succession. If there is nothing more than temporal proximity than the but-for cause, offering any evidence on the but-for causation I don't think that's necessarily true. Because you could have a proximity case from which someone could draw such a strong inference that it's pled and it survives just on that. Say, for example, I complained that my supervisor, who happened to be the son-in-law of the CEO, was engaging in sexual harassment of me. And 15 minutes later, I was terminated for being late three months earlier, right? And standing alone, that, you know, 15 minutes later, you know, the boss comes down and fires you. That could be a sufficient pleading and enough to say, well, you get by the opening pleading, don't you think? Certainly, the court has held that an immediate tangible employment action proximate to an act of protected activity can suffice. And in this case, plaintiff submits that his own discipline of the alleged harassing subordinate employee was an additional occurrence of protected activity, which I'm a bit puzzled by as a matter of law itself. And that is the real question. Was it eight weeks or four weeks? Right. But even assuming, you know, if the issue is that as a matter of law in the circuit that four weeks is sufficient, then I I'll read you a quote from the district court, page six. This leaves a temporal gap of approximately one month between mine in serving the disciplinary warning and his termination. So why isn't that the period we're looking at? I'm even conceding that that would be, you know, the appropriate period. That is the period that the district court looked at. That is what it is. Which is less than the period in Wilson, which was sufficient. And in Wilson, there were a host of intervening facts that were pleaded to demonstrate a measure of but-for causation. That is the third element for cause of action for retaliation that aren't present here. I mean, is a supervisor issuing a disciplinary letter to a subordinate a protected activity? I have not found a case directly on point for that. Yeah. And it's clear that the district court believed that that was. That retaliation related to that second act is the four-week period. Now, I think that myself, that may be an open question of law, whether or not. Sure. You know, because it's a different thing than I filed a complaint with somebody rather than I took an action to discipline somebody. Right? I mean, that's. Correct. You know, you're wearing a different hat at that point. Right. One hat you're wearing. At the very first complaint, you're wearing the I'm a complainant hat. And I'm trying to protect my rights to be free from being in an abusive, hostile environment. Right? In the other one, you're wearing a hat that says I'm a supervisor. It's my duty to make sure there isn't that type of environment. Correct. And indeed, as Plaintiff alleges, the agency, in what he purports to assert as a similarly situated case, did impose discipline to a male employee who was engaged in sexual harassment on a claim that was investigated. And, you know, we don't know the who, what, where, when, why, or how of what his complaint was and to whom. You know, as we heard in earlier arguments today, he doesn't identify any of the alleged decision makers. He doesn't allege the person to whom that he made any complaint. He doesn't draw any connection about how those folks would be aware that he even issued discipline to the subordinate employee, this written warning, to tie those unknown decision makers to the alleged protected concerted activity within the four-week period. It's a very threadbare and conclusory treatment of the issue. As I look at the complaint, there are four other facts that were pled, and I will go through them and let you react to them. In paragraph three, it's alleged that no investigation was ever conducted regarding his allegations by his harasser. Paragraph 10, he worked for Bi-State for a period of eight years. Paragraph 10 also, or I'm sorry, it's paragraph 12, he was qualified in all aspects for his job. And also in paragraph 12, during those eight years, he always met the expectations for his position. Why wouldn't that go to create inferences as to the causal element of the claim? If there is no assertion that he was, aside from saying, you know, if you were a model employee and threw a rock through the front windshield of your boss and you were terminated, I would submit that that's a relevant fact that would need to be pleaded to provide the full context of the allegations that you're making. And the pleadings are entirely devoid of at least what the proffered reason was to measure whether those facts are sufficient to state but for causation under the retaliation prong. I'm sorry, I'm not understanding. Are you saying he needed to plead the stated reason? At least the proffered reason, whether it's, you know, at a minimum, it allows the court. I'm not aware of any case where we've said that they have to plead the proffered reason in their complaint. If he, if his, if his allegations, at least as, again, Your Honor, as I read them, reach the conclusion by virtue of essentially mere attendance on the job as sufficient combined with. Now wait, there's a question for what case says that. I'm sorry. You're about to not answer that question. I apologize, Your Honor. Is there any authority for the proposition that a plaintiff in a retaliation claim must plead the proffered reason for termination or adverse employment action? Off the top of my head, I can't cite it for you. Yeah. It seems not to be an element to the claim, right? So that's why that question is important. If it's not an element of the claim, you usually don't have to plead it or facts to support it, right? It's actually, that's part of the defense that you might have, right? Which means, like, you could put in an answer and say that. Sure. We could assert it as an affirmative defense. We had a legitimate nondiscriminatory reason. And then we still could have been deciding it under 12b-6, right? You know, looking at it, you know. But what we've got here really is that the evidence of causation, I assume you're going to say, is not sufficiently pled. That what you've got is proximity. You know, whether it's four weeks or eight weeks, that's close. And you'd say that there's that. There's an adverse employment action, not disputed. And then what do you have? He's pleads three things. He says what Judge Graza says is that there was no investigation of the underlying complaint, okay, that he had made. And then the other two is, I've been here for a long time, eight years, and I've been a good employee, and I have always met expectations, and I haven't been subject to a disciplinary process, right? Correct. Okay. Now, you take those last two, they really aren't evidence of causation. They go to evidence of pretext, right? If there were some basis for termination, right? But the first one is really about causation. It is about how I made the complaint. Nobody did anything. I was told by someone, I was the supervisor, and I thought, man, I am the supervisor. I have the right to act myself. I have a duty to act. He chose to act. Then he was terminated. Isn't that enough to meet temporal proximity plus? I would submit, and I referred earlier to a somewhat analogous scenario in Bell v. Twombly, which admittedly was a Sherman Act case, looking at the notion of whether, in the context of various corporations acting in a consistent fashion together, was enough to establish a conspiracy sufficient to meet a claim under the Sherman Act. And it seemed, as I read that, that it begs the notion of correlation relating to causation. And the Supreme Court in Bell v. Twombly, which is the forebearer to Iqbal, said that simply the court That was a summary judgment case, wasn't it? The notion of reviewing the pleadings in Twombly, the notion was that those pleadings were insufficient because while they showed some fashion of correlation, they did not prove or offer facts sufficient to establish causation. And that's the crux of what I'm getting at, Your Honors. As it relates to the notion of Mr. Minan and his suggestion that the time in and of itself is sufficient to meet the standard under Wilson. Again, in Wilson, you had a charge of discrimination, a far more discreet and discernible act of protected activity. And then, as I said, over the course of that six-week period, subsequent tangible employment actions that allowed the trial of fact to It seems to me that everybody is ignoring the district court's analysis. He's talking about the pleading for a retaliation claim. And he states what the prima facie case is to make such a show. And, of course, you don't necessarily have to plead a prima facie case. But if you don't, you're in trouble. He says to make such a showing generally more than a temporal connection between protected conduct and adverse employment action is required. Citing Tognosi, nobody's talking about, Eastern District of Missouri. Quoting Kyle Keel, one of our early cases on this subject. And referencing Nassar, the Supreme Court case that I thought the majority ignored in Wilson. So the district court itself rejected the notion that just pleading temporal proximity and carefully pleading nothing else will get you past the Iqbal hammer. Correct. And yet this whole discussion is to the contrary. Fair, Your Honor. Yeah, and I think that that's exactly right. I think the real question is, is the lack of an investigation when added to temporal proximity, is that enough? And I'm sure your answer is going to be, no way. No. But I think that's where you kind of struggle on this. Because there's not really many facts pled. There's just like we had an investigation. We didn't have an investigation. I apologize, Your Honor. I didn't mean to talk over you. And ultimately, the threshold that Twombly, that Iqbal establish, is one that encourages a measure of fact pleading above and beyond mere threadbare allegations, above and beyond mere conclusory allegations. And we find ourselves debating at this point whether it is more advantageous and we would endorse a proposition where plaintiffs plead materially less facts than would provide a defendant fair notice of the particulars of the conduct for which they're being charged. But you pled materially less facts when you failed to interpose an answer that said here's the reasons for the termination. But I'm not at that stage not required to answer if the pleadings in and of themselves are fundamentally deficient. No, you take your chances as to how we see it at the pleading stage, right? Sure. I see I'm out of time. I won't burden the Court further. Thank you, Your Honors. Is there a rebuttal time? His time had expired. I'll give you a minute. I'll just briefly. You might address what I just read from the District Court's own opinion. Judge, I think what my response would be that this is not a bare minimum threadbare allegation. I believe that we have pled additional facts. But I read that the District Court didn't think just bare bones temporal proximity is enough, is necessarily enough. Right. He said generally, which first off could imply. And your main argument was to the contrary. But no, no. Judge, what I'm saying is. Wilson, as you are interpreting it for us this morning, is contrary, isn't consistent with the District Court. District Court didn't read Wilson that way. And if you read close, Wilson says specifically, given the allegations here, the six months is enough. And what I'm saying. Yeah, exactly. And I'm saying we have additional facts alleged as well. And what are the facts? Are they simply the lack of the investigation? It's the other. You went through all three. And I looked at the other two. And I'd say, I don't know that they show causation. But how do they show causation? I would disagree. It shows that the sort of, the fact that he was there for a long time and never disciplined and then automatically fired, shows that he wouldn't have been fired if he wouldn't have filed the complaints and did the written notice. And counsel, was it Keele, a summary judgment case? I believe off the top of my head. Don't quote me definitively, but I believe so. Thank you, Your Honor. Thank you, counsel. Case has been thoroughly briefed and argued. And we'll take it under revision.